SHAHOOD, J.
Shanna Davis, convicted of aggravated assault for threatening the victim with a motor vehicle, appeals her sentence. The issue presented in this appeal is whether it is unlawful for the trial court to sentence appellant to a harsher sentence after she rejected a court initiated plea offer to a less severe sanction.
Appellant argues that the trial court’s imposition of a harsher sentence than that offered during plea negotiations was unlawful because the totality of the circumstances gave rise to a presumption of judicial vindictiveness in sentencing. Appellee maintains the sentence was lawful in that there was evidence presented at the sentencing hearing to support the trial court’s imposition of the harsher sentence.
The Florida Supreme Court recently announced in Wilson v. State, 845 So.2d 142, 156 (Fla.2003), that in cases where a trial judge participates in plea negotiations and the defendant thereafter receives a harsher sentence, a presumption of vindictiveness, which shifts the burden to the state to produce affirmative evidence dispelling judicial vindictiveness in sentencing, may arise.
Based on the record in this ease, specifically the evidence presented at the sentencing hearing, we hold that although a presumption of vindictiveness in sentencing arose, this presumption was sufficiently dispelled to warrant affirmance in this case.
AFFIRMED.
POLEN and STEVENSON, JJ„ concur.